Ann Morgan (SBN 933)
Shannon S. Pierce (SBN 12471)
FENNEMORE CRAIG, P.C.
300 East Second Street - Suite 1510
Reno, Nevada 89501
Telephone: (775) 788-2200
Facsimile: (775) 786-1177
Email: spierce@fclaw.com

SCARINCI & HOLLENBECK, LLC
Ronald S. Bienstock (*Pro Hac Vice forthcoming*)
Brent M. Davis (*Pro Hac Vice forthcoming*)
1100 Valley Brook Ave.
P.O. Box 790
Lyndhurst, NJ 07071
Telephone: (201) 896-4100
Email: Bdavis@musicesq.com

Attorneys for Plaintiff
LOKAI HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LOKAI HOLDINGS, LCC, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE MARKETING, CRAIG HUEFFNER and DOES 1-10,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LOKAI HOLDINGS, LLC ("Plaintiff") by their attorneys, Scarinci & Hollenbeck, LLC and Fennemore Craig, P.C., as and for its Complaint against defendant ABSOLUTE MARKETING, ("Absolute Marketing"), defendant CRAIG HUEFFNER ("Hueffner") and defendants DOES 1-10 ("Does") (Absolute Marketing, Hueffner and Does collectively referred to herein as "Defendants") allege as follows:

1. This is an action for trademark infringement, counterfeiting, false designation of origin and unfair competition under 15 U.S.C. §§ 1051 et seq., design patent infringement under

the 35 U.S.C. §§ 1 et seq., and copyright infringement under 17 U.S.C. §§ 101 et seq.

## THE PARTIES

2. Plaintiff is a Delaware corporation with its principal address at 36 E. 31st Street, Suite 602, New York, New York, 10016, and is engaged in business as a manufacturer and seller of beaded bracelets, which sell world-wide, including within the State of Nevada.

3. Upon information and belief, Absolute Marketing is a fictitious entity registered with the Florida Secretary of State, with a mailing address of 4942 Indian Hills Drive, Racine, WI 53406.

4. Upon information and belief, Hueffner is a Wisconsin individual, with a mailing address of 4942 Indian Hills Drive, Racine, WI 53406.

5. Upon information and belief, Hueffner is the owner of Absolute Marketing.

6. The true names and capacities of Does are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and thereon believes and alleges that each of the Does is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortiously, and each has caused damage to the Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of the Does, it will ask leave of this Court to amend its Complaint by setting forth the same.

## JUSRISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (a) and (b) (claims arising under copyright, trademark and patent laws; claims of unfair competition premised on copyright, trademark and patent violations).

8. On information and belief, this Court has personal jurisdiction over Defendants, as a substantial part of the events or omissions giving rise to the claim occurred in the state of Nevada and Plaintiff expects service of process to be effectuated upon Defendants in the State of Nevada..

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

FENNEMORE CRAIG, P.C.
300 East Second Street - Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2200 Fax: (775) 786-1177

**FACTUAL BACKGROUND**

10. Plaintiff manufactures and sells beaded bracelets (the "Lokai Bracelet") in various colors, under, or which bear, on the bracelet and/or attached tag, the following federally registered trademarks: (1) the standard character "lokai" trademark (Reg. Nos. 4,429,129 and 4,637,357), (2) the stylized "lokai" trademark (Reg. Nos. 4,640,686 and 4,742,254), (3) the stylized water droplet logo (Reg. Nos. 4,636,915 and 4,698,780) and (4) the standard character "find your balance" trademark (Reg. No. 4,870,494) (collectively the "Trademarks").

11. The Lokai Bracelet embodies the design protected by US Design Patent No. D748,000 S (the "Design Patent").

12. The tag attached to the clear-colored Lokai Bracelet (the "Lokai Bracelet Hangtag") is registered with the US Copyright Office under VA 1-968-047, with an effective date of registration of November 03, 2014 (the "Copyright").

13. Plaintiff has invested significant amounts of money, time and effort in promoting and advertising the Lokai Bracelet, Trademarks, Design Patent and Copyright.

14. Plaintiff maintains a website, accessed via the domain name MYLOKAI.COM (the "Lokai Website"), which was created on July 12, 2011.

15. Plaintiff owns the copyright in and to the Lokai Website, as well as the contents, text, images and other materials on the Lokai Website (the "Lokai Website Materials"), and has provided notice thereof by the copyright notice affixed to each webpage.

16. Upon information and belief, Defendants have exhibited at trade shows throughout the continental United States, including, *inter alia*, in the states of Nevada, California, Massachusetts, Washington and Florida, in which they use the Trademarks, Design Patent, Copyright and Lokai Website Materials, or unauthorized copies thereof, to hold themselves out to the public to be sponsored by, authorized by or otherwise affiliated with Plaintiffs.

17. Upon information and belief, in conjunction with Defendant's trade show exhibitions, Defendants have marketed, offered for sale and sold counterfeit versions of the Lokai Bracelet (the "Counterfeit Goods"), which improperly embody, bear or otherwise use the Trademarks, Design Patent and Copyright, or unauthorized copies thereof.

FENNEMORE CRAIG, P.C.
300 East Second Street - Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

18. On or about August 11, 2015, representatives of Plaintiff sent a cease and desist letter, via email and first class mail, to a physical address and email address believed to be used by Defendants (the "August 11 Letter").

19. On or about August 11, 2015, representatives of Plaintiff received email delivery confirmation that the August 11 letter was delivered to the email address believed to be used by Defendants.

20. On or about August 11, 2015, representatives of Plaintiff were contacted by Hueffner's estranged or former spouse, Ellen Hueffner, and was informed that Hueffner does not live at the physical address where the August 11 Letter was sent.

21. On or about August 18, 2015, representatives of Plaintiff sent a cease and desist letter, via email and first class mail, to the email address believed to be used by Defendants and to the physical address of Absolute Marketing as identified in the application for registration of fictitious name filed with the Florida Secretary of State (the "August 18 Letter").

22. On or about August 18, 2015, representatives of Plaintiff received email delivery confirmation that the August 18 letter was delivered to the email address believed to be used by Defendants.

23. On or about April 4, 2016, representatives of Plaintiff contacted Hueffner by telephone.

24. During the telephone call on or about April 4, 2016, representatives of Plaintiff notified Hueffner of Defendant's infringing activities and sale of Counterfeit Goods and demanded that Defendants cease and desist same.

25. On or about April 4 and 5 of 2016, representatives of Plaintiff exchanged email correspondence with Hueffner in an attempt to resolve this matter, however Hueffner refused to comply and instructed representatives of Plaintiff to not contact him again.

26. As of the date hereof, and since the date of the August 11 Letter, Defendants continue to exhibit at trade shows throughout the continental United States, including the state of Nevada, in which they use the Trademarks, Design Patent, Copyright and Lokai Website Materials, or unauthorized copies thereof, to hold themselves out to the public to be sponsored by,

FENNEMORE CRAIG, P.C.
300 East Second Street - Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2200  Fax: (775) 786-1177

authorized by or otherwise affiliated with Plaintiff, and sell Counterfeit Goods in furtherance thereof.

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

27. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 26 of this Complaint with the same force and effect as if set forth fully at length herein.

28. Plaintiff is the owner of registrations with the United States Patent and Trademark Office (the "USPTO") for the Trademarks.

29. Defendants are using the Trademarks, without authorization from Plaintiff, in connection with the sale of the Counterfeit Goods and in the exhibition of trade show booths throughout the continental United States.

30. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the origin and quality of the Counterfeit Goods based on the nearly identical nature of the Counterfeit Goods compared to the Lokai Bracelet.

31. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the affiliation of Defendants with Plaintiff based on Defendant's use of the Trademarks.

32. Defendants' actions constitute infringement of the Trademarks, in violation of Plaintiff's rights under 15 U.S.C. § 1114(1).

33. Defendants were notified of Plaintiff's rights in and to the Trademarks on or about August 11, 2015, August 18, 2015 and April 4, 2016.

34. Defendants have been and are infringing on the Trademarks with full knowledge and willful disregard for Plaintiff's exclusive rights, and with knowledge that the Trademarks are exclusively associated with Plaintiff.

35. Defendants' conduct is intentional, willful, wanton and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's trade identity and goodwill.

36. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and

damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## SECOND CAUSE OF ACTION

### TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114(1)

37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 of this Complaint with the same force and effect as if set forth fully at length herein.

38. Plaintiff is the owner of registrations with the USPTO for the Trademarks.

39. The registrations with the USPTO for the standard character "lokai" trademark (Reg. No. 4,429,129), the stylized "lokai" trademark (Reg. No. 4,640,686) and the stylized water droplet logo (Reg. No. 4,636,915), list "bracelets; jewelry; rubber or silicon wristbands in the nature of a bracelet" in the description of goods for such registrations, in international class 014.

40. Defendants are marketing, offering for sale and/or selling the Counterfeit Goods, which are a type of bracelet, jewelry or rubber or silicon wristband in the nature of a bracelet.

41. The Counterfeit Goods being offered for sale by Defendant are identical with, or substantially indistinguishable from the Lokai Bracelet, and bear a mark identical with, or substantially indistinguishable from, the registered stylized water droplet mark (Reg. No. 4,636,915).

42. The tag attached to the Counterfeit Goods being offered for sale by Defendant bears a mark identical with, substantially indistinguishable from, the stylized "lokai" trademark (Reg. No. 4,640,686) and the stylized water droplet logo (Reg. No. 4,636,915).

43. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the origin, quality and authenticity of the Counterfeit Goods.

44. Defendants' actions constitute trademark counterfeiting in violation of Plaintiff's rights under 15 U.S.C. § 1114(1).

45. Defendants were notified of Plaintiff's rights in and to the Trademarks on or about August 11, 2015, August 18, 2015 and April 4, 2016.

46. Defendants have been and are infringing on the Trademarks with full knowledge and willful disregard for Plaintiff's exclusive rights, with knowledge that the Trademarks are

exclusively associated with Plaintiff.

47. Defendants' conduct is intentional, willful, wanton and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's trade identity and goodwill.

48. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## THIRD CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION OF FACT AND FALSE REPRESENTATION OF FACT UNDER 15 U.S.C. § 1125(a)

49. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 48 of this Complaint with the same force and effect as if set forth fully at length herein.

50. Plaintiff is the owner of registrations with the USPTO for the Trademarks.

51. Defendants have affixed, applied, or used in connection with the sale of the Counterfeit Goods, the Trademarks and false descriptions and representations, which tend to falsely describe or represent that the Counterfeit Goods and/or Defendants are sponsored by, authorized by, operated by or otherwise affiliated with Plaintiff.

52. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the origin, quality and authenticity of the Counterfeit Website and Counterfeit Goods.

53. Defendants' actions constitute false designation of origin, false description of fact and false representation of fact in violation of 15 U.S.C. § 1125(a).

54. Defendants were notified of Plaintiff's rights in and to the Trademarks on or about August 11, 2015, August 18, 2015 and April 4, 2016.

55. Defendants' conduct is intentional, willful, wanton and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's trade identity and goodwill.

56. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

57. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 56 of this Complaint with the same force and effect as if set forth fully at length herein.

58. Plaintiff is the owner of registrations with the USPTO for the Trademarks.

59. Defendants are unfairly using the Trademarks to promote, market or sell the Counterfeit Goods.

60. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the origin and quality of the Counterfeit Website and Counterfeit Goods.

61. Defendants' actions constitute unfair competition under 15 U.S.C. § 1125(a).

62. Defendants were notified of Plaintiff's rights in and to the Trademarks on or about August 11, 2015, August 18, 2015 and April 4, 2016.

63. Defendants' conduct is intentional, willful, wanton and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's trade identity and goodwill.

64. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

## FIFTH CAUSE OF ACTION

## DESIGN PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(a)

65. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 64 of this Complaint with the same force and effect as if set forth fully at length herein.

66. Plaintiff is the owner of the Design Patent registered with the USPTO.

67. The Counterfeit Goods use or otherwise embody the design embodied in the Design Patent.

68. Defendants, without authority, offered to sell and/or sold the Counterfeit Goods within the United States.

69. Defendants' actions constitute patent infringement under 35 U.S.C. § 271(a).

70. This is an exceptional case as Defendants' actions have been taken with full

1 knowledge and willful disregard for Plaintiff's exclusive rights to make use of the design
2 embodied in the Design Patent.

3   71.   Plaintiff has no adequate remedy at law, and is suffering irreparable harm and
4 damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## SIXTH CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 106 and 501

7   72.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1
8 through 71 of this Complaint with the same force and effect as if set forth fully at length herein.

9   73.   Plaintiff is the owner of registrations with the Copyright Office for the Copyright.

10   74.   Defendants are using copies of the Copyright, or original elements thereof, without
11 authorization from Plaintiff, in connection with the sale of the Counterfeit Goods.

12   75.   Defendants' acts constitute copyright infringement under 17 U.S.C. §§ 106 and
13 501.

14   76.   Defendants' actions have been taken with full knowledge and willful disregard for
15 Plaintiff's exclusive rights in and to the Copyright.

16   77.   Plaintiff has no adequate remedy at law, and is suffering irreparable harm and
17 damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## PRAYER FOR RELIEF

19   WHEREFORE, Plaintiff, LOKAI HOLDINGS, LLC, seeks judgment against Defendants,
20 ABSOLUTE MARKETING, CRAIG HUEFFNER and DOES 1-10, as follows:

21   I.   That the Defendants be permanently enjoined and restrained from:
22     a)   Using in any manner the Trademarks;
23     b)   Using in any manner the Design Patent;
24     c)   Using in any manner the Copyright;
25     d)   Using in any manner the Lokai Website Material;
26     e)   Manufacturing, marketing, advertising, distributing or selling products
27       bearing the Trademarks, Design Patent or Copyright, including, without limitation,
28       the Counterfeit Goods;

1          f)      Holding themselves to the public to be sponsored by, authorized by or otherwise affiliated with Plaintiff; and

         g)      Otherwise competing unfairly with Plaintiff in any manner.

II.      That Defendants be ordered to deliver to Plaintiff for destruction, any and all goods in Defendants' possession, or under its control, which infringe upon the Trademarks, Design Patent or Copyright, including without limitation, the Counterfeit Goods.

III.      That Defendants be ordered to provide an accounting to Plaintiff.

IV.      That Defendants be ordered to pay to Plaintiff damages for Defendants' trademark infringement pursuant to 15 U.S.C. § 1117 in the form of either, at Plaintiff's election before the entry of a final judgment: (a) Defendants' profits, Plaintiff's damages, and costs trebled under 15 U.S.C. § 1117(b), including three (3) times such profits or damages, whichever is greater, together with a reasonable attorney's fee; or (b) statutory damages pursuant to 15 U.S.C. § 1117(c) up to Two Million Dollars ($2,000,000.00) per counterfeit mark per type of good sold, offered for sale, or distributed; and in addition, pre-and post-judgment interest.

V.      That Plaintiff be ordered to pay to Plaintiff damages caused to Plaintiff by reason of Defendants infringement of the Design Patent, including treble damages for willful infringement of the Design Patent, pursuant to 35 U.S.C. § 284.

VI.      That Defendant be ordered to pay to Plaintiff Defendant's total profits for infringement of the Design Patent, pursuant to 35 U.S.C. § 289.

VII.      That Defendants be ordered to pay to Plaintiff damages for Defendants' trademark infringement pursuant to 17 U.S.C. § 504 in the form of either, at Plaintiff's election before the entry of a final judgment: (a) Defendants' profits and Plaintiff's actual damages pursuant to 17 U.S.C. § 504(b), or (b) statutory damages pursuant to 17 U.S.C. § 504(c)

VIII.      That Defendants be ordered to provide Plaintiff with a complete list of: (a) individuals and entities who manufactured the Counterfeit Goods (along with the quantities of all such infringing and counterfeit merchandise); (b) individuals and entities that sold or provided the Counterfeit Goods to Defendants (along with the quantities of all such infringing and counterfeit merchandise); and (c) individuals and entities to whom or which Defendants sold, offered for sale,

FENNEMORE CRAIG, P.C.
300 East Second Street - Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2200  Fax: (775) 786-1177

distributed, advertised or promoted the Counterfeit Goods (along with the quantities of all such counterfeit merchandise).

IX. That Plaintiff be awarded punitive damages for Defendants' willful and malicious acts of common law trademark infringement, false representation, and unfair competition.

X. That Plaintiff be awarded reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

XI. That this case be declared exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees, expenses, and costs incurred in this action.

XII. That Plaintiff be awarded reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

XIII. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues triable by jury.

DATED:  May 26, 2016                    FENNEMORE CRAIG, P.C.

By: /s/ Shannon S. Pierce
Ann Morgan (SBN 933)
Shannon Pierce (SBN 12471)
300 East Second Street - Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2200
Fax:   (775) 786-1177
Email: spierce@fclaw.com

SCARINCI & HOLLENBECK, LLC
Ronald S. Bienstock
Brent M. Davis
1100 Valley Brook Ave.
P.O. Box 790
Lyndhurst, NJ 07071
Telephone: (201) 896-4100
Email: Bdavis@musicesq.com

*Attorneys for Plaintiff Lokai Holdings, LLC*

11662693.1