Ann Morgan (SBN 933)
Shannon S. Pierce (SBN 12471)
FENNEMORE CRAIG, P.C.
300 East Second Street - Suite 1510
Reno, Nevada 89501
Telephone: (775) 788-2200
Facsimile: (775) 786-1177
 Email: spierce@fclaw.com

SCARINCI & HOLLENBECK, LLC
Ronald S. Bienstock (*Pro Hac Vice*)
Brent M. Davis (*Pro Hac Vice*)
1100 Valley Brook Ave.
P.O. Box 790
Lyndhurst, NJ 07071
Telephone: (201) 896-4100
Email: Bdavis@musicesq.com

Attorneys for Plaintiff
LOKAI HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LOKAI HOLDINGS, LLC, a Delaware Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>ABSOLUTE MARKETING, CRAIG HUEFFNER and DOES 1-10,<br><br>                    Defendants.<br>_____/ | CASE NO: 3:16-CV-00283-RCJ-VPC<br><br>**PLAINTIFF LOKAI HOLIDNGS, LLC'S BRIEF IN OPPOSITION TO DEFENDANT CRAIG HUEFFNER'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 36] AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 34]**<br><br>**ORAL ARGUMENT REQUESTED** |

Page 1

Plaintiff Lokai Holdings, LLC ("Plaintiff" or "Lokai") respectfully submits this Opposition to Defendant Craig Hueffner's ("Defendant" or "Hueffner") February 13, 2017 Affidavit (ECF No. 36), which appears to constitute a late-filed Motion for Summary Judgment (Mr. Hueffner's Affidavit shall hereinafter be referred to as the "Motion").

## I.   INTRODUCTORY STATEMENT

Defendant's Motion fails to comply with the Federal Rules of Civil Procedure, the Local Rules and this Court's January 23, 2017 Order (ECF No. 35), as it lacks any points and authorities, lacks a concise statement of facts and is untimely. Defendant's Motion likewise fails to create any genuine issue of material fact (whether to defeat Plaintiff's Motion for Summary Judgment (ECF No. 34) or to support Defendant's Motion) and fails to establish that Defendant is entitled to judgment as a matter of law.

For the reasons set forth fully below, Lokai respectfully asks that this Court deny Defendant's Motion, and grant Plaintiff's Motion in its entirety and enter judgment accordingly.

## II.   FACTUAL BACKGROUND
### [CONCISE STATEMENT OF FACTS PURSUANT TO L.R. 56.1]

On January 20, 2017, Plaintiff filed its motion for summary judgment ("Plaintiff's Motion"), which included, among other things, a concise statement of undisputed material facts. *See* ECF No. 34 at pgs. 4-7.[1] On January 23, 2017, the Court issued a Minute Order instructing that Defendant file any opposition to Plaintiff's Motion by no later than February 10, 2017 (21 days after filing and service of Plaintiff's Motion). *See* ECF No. 35 at pg. 3. The Court further instructed that, "[i]f the non-moving party fails to oppose the motion within 21 days, or if the non-moving party fails to submit evidence

---

[1] Rather than copy these undisputed material facts again into this Opposition, for the Court's convenience, Plaintiff's Motion for Summary Judgment, including its concise statement of undisputed material facts, is attached hereto as Exhibit 1, along with applicable exhibits.

Page 2

supporting its opposition, the court may consider the facts as undisputed. Id.

### III.  ARGUMENT

#### A. Plaintiff's Motion for Summary Judgment Is Unopposed And Should Be Granted

As of the date of this filing, Defendant has not filed any opposition to Plaintiff's Motion. See ECF Docket, *passim*. Consistent with Federal Rule of Civil Procedure 56 and this Court's Minute Order (ECF No. 35), the Court should consider the facts as stated in Plaintiff's Motion as undisputed. Fed.R.Civ.Proc. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: … (2) consider the fact undisputed…[and/or] (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it"); ECF No. 35.

#### B. Defendant's Motion Is Untimely An Should Fails to Comply with the Federal Rules of Civil Procedure, the Local Rules and the Court's Order(s)

Per FRCP 56(b), a party may file a motion for summary judgment at any time until 30 days after the close of all discovery. *See* Fed.R.Civ.Proc. 56(b). In accordance with the foregoing and LR 26-1(b)(4), the Court ordered in this case that "[d]ispositive motions shall be filed…on or before **January 20, 2017**." *See* ECF No. 25 at pg. 5. Defendant's Motion is untimely, as it was filed on February 15, 2017, 26 days after the court-ordered due date to file dispositive motions. See ECF No. 36. As reflected in the Motion, Defendant did not even sign and mail his Motion to the Court until February 13, 2017 (also after the dispositive motion deadline). As Plaintiff's Motion is untimely, the Court should decline to consider it.

Additionally, "[m]otions for summary judgment and responses thereto must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of

Page 3

any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies." *See* LR 56-1; *see also* ECF No. 35 at pg. 2-3.

Here, Defendant failed to include a concise statement of facts in the Motion. *See* ECF No. 36. The Court should therefore decline to consider the Motion.

Finally, "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." See LR 7-2(d). Defendant, as the moving party in ECF No. 36, failed to file any points and authorities in support of the Motion. *See* ECF No. 36. Defendant has therefore consented to the denial of his Motion (ECF No. 36).

As such, Plaintiff respectfully asks that this Court deny Defendant's Motion.

**C. Defendant's Motion, if considered as an opposition to Plaintiff's Motion, also fails to comply with the Federal Rules of Civil Procedure, the Local Rules and the Court's Order(s) and does not create a genuine issue of material fact**

The Court ordered that Defendant file any opposition to Plaintiff's Motion by February 10, 2017. *See* ECF No. 35 at pg. 3. The Court further instructed that, "[i]f the non-moving party fails to oppose the motion within 21 days, or if the non-moving party fails to submit evidence supporting its opposition, the court may consider the facts as undisputed. Accordingly, if the motion for summary judgment has merit, the Court may then grant the motion and enter judgment." Id. "Motions for summary judgment and responses thereto must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies." *See* LR 56-1; See also ECF No. 35 at pg. 2-3.

Defendant's Motion appears to constitute an affirmative motion, not an opposition. Nevertheless, to the extent ECF No. 36 is considered an opposition to Plaintiff's Motion (ECF No. 34), it is untimely, as it was (1) signed on February 13, 2017

Page 4

(three (3) days after the deadline to file an opposition) and (2) filed on February 15, 2017 (five (5) days after such deadline).  Further, as noted above, Defendant's Motion fails to provide any concise statement of facts. *See* ECF No. 35 at pg. 2-3; ECF No. 36. As such, the Court should consider the facts as stated in Plaintiff's Motion as undisputed, deny Defendant's Motion and enter judgment in favor of Plaintiff pursuant to Plaintiff's Motion.

### D.  Defendant's Motion, Whether Considered as a Summary Judgment Motion or Opposition to Plaintiff's Motion, Fails to Establish that Defendant is Entitled to Judgment as a Matter of Law

Even if the Court were to consider any of the alleged facts stated in Defendant's Motion, such facts fail to create a genuine issue of material fact sufficient to overcome Plaintiff's Motion for Summary Judgment. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) (internal citations omitted). As Defendant's Motion contains only a three (3) paragraph affidavit consisting of a conclusory, self-serving statement lacking detailed facts and any supporting evidence, it does not create a genuine issue of material fact.

Defendant asserts that he is entitled to summary judgment because he did not "manufacture or knowingly sell counterfeit Lokai bracelets." *See* ECF No. 36, ¶ 3. This is a textbook example of a conclusory, self-serving statement contained in an affidavit without any detailed facts or supporting evidence. *See* FTC, 104 F.3d at 1171.

Even if the Court were to consider the substance of this conclusory, self-serving affidavit, none of Plaintiff's claims against Defendant require that Plaintiff prove that Defendant possess any requisite knowledge or intent.  A claim of trademark infringement or counterfeiting does not require that the plaintiff plead or prove the defendant's knowledge or intent to establish liability – intent only goes to increased damages awards pursuant to 15 U.S.C. § 1117(b), which Plaintiff's did not raise. *See* 4 McCarthy on

1 Trademarks and Unfair Competition § 23:107 (4th ed.); Fleischmann Distilling Corp. v.
2 Maier Brewing Co., 314 F.2d 149, 157–158, 136 U.S.P.Q. 508 (9th Cir. 1963), cert.
3 denied, 374 U.S. 830, 10 L. Ed. 2d 1053, 83 S. Ct. 1870, 137 U.S.P.Q. 913 (1963) ("It is
4 well settled that plaintiffs were not obliged in order to make a case against the defendants
5 to prove a wrongful intent."."); Playboy Enters. V. Chen, No. CV 96-3417 DDP (VAPx),
6 1997 U.S. Dist. LEXIS 21916, at *29 (C.D. Cal. Oct. 1, 1997).  Plaintiff's Lanham Act
7 43(a) claims similarly do not require intent to prove liability.   *See* 4 McCarthy on
8 Trademarks and Unfair Competition § 23:107 (4th ed.); Rolex Watch U.S.A., Inc. v.
9 Dauley, No. C-84-6150-WWS, 1986 U.S. Dist. LEXIS 29660, at *9 (N.D. Cal. Feb. 4,
10 1986); Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641, 648, 117 U.S.P.Q.
11 426 (3d Cir. 1958) ("[T]here is no requirement that the falsification occur willfully and
12 with intent to deceive."); Johnson & Johnson v. Carter-Wallace, Inc., 631 F.2d 186, 189,
13 208 U.S.P.Q. 169 (2d Cir. 1980) (Lanham Act 43(a) "does not require proof of intent to
14 deceive …."); Grant Airmass Corp. v. Gaymar Industries, Inc., 645 F. Supp. 1507, 1513
15 (S.D. N.Y. 1986) ("Proof of intent to deceive is not required."); Vector Products, Inc. v.
16 Hartford Fire Ins. Co., 397 F.3d 1316, 1319, (11th Cir. 2005) ("It is well-settled that no
17 proof of intent or willfulness is required to establish a violation of Lanham Act § 43(a)
18 for false advertising."); CGS Industries, Inc. v. Charter Oak Fire Ins. Co., 720 F.3d 71,
19 83, 107 U.S.P.Q.2d 1678, 1678 (2d Cir. 2013) (Sec. 43(a) claim does "not require proof
20 of intent to deceive."). Likewise, "[t]he copyright owner need not prove knowledge or
21 intent on part of the defendant to establish liability for direct copyright infringement.
22 Reno-Tahoe Specialty, Inc. v. Mungchi, Inc., No. 2:12-cv-01051-GMN-VCF, 2014 U.S.
23 Dist. LEXIS 177168, at *18 (D. Nev. Dec. 19, 2014) citing to 17 U.S.C. § 504(c).

24        Accordingly, even if Defendant's conclusory affidavit were admissible, it fails to
25 establish that Defendant is entitled to judgment as a matter of law, and further fails to
26 overcome Plaintiff's Motion for summary judgment concerning Plaintiff's claims of
27 trademark infringement, trademark counterfeiting, unfair competition and copyright
28

infringement, as Defendant admitted, in deposition testimony and in discovery responses, to (1) distributing and/or selling bracelets which bear, embody or otherwise use Plaintiff's registered trademarks and copyright[2] as well as (2) using advertising material bearing, embodying or otherwise using Plaintiff's registered trademarks in conjunction with the sale of such bracelets.[3] Defendant further admitted during his deposition that he did not have permission from Plaintiff to use the registered trademarks.  *See* Hueffner Dep. at 60:12-15; 62:12-21.

Even if the Court were to consider the issue of Defendants' intent, given that Defendant – by his own admission – continued to sell counterfeit Lokai bracelets after Plaintiff's notified Defendant of his infringing activity (*see* Exhibit 1 hereto, at pgs. 6-7), the undisputed material facts demonstrate that Plaintiff, not Defendant, is entitled to summary judgment on all claims.

Defendant's remaining statements likewise fail, as they are irrelevant to the claims in this litigation and to the admissibility of the relevant evidence, and, therefore, not material. First, Nevada is a one party consent state for in-person communications (*see* Nev. Rev. Stat. Ann. § 200.650), so Defendant's knowledge of the recordings is not required (nor is his lack of such knowledge the basis for an evidentiary objection). Second, Plaintiff's representatives were lawfully at the event (a youth basketball tournament open to the public), as Plaintiff's legal representatives were in contact with the event operators who granted permission to Plaintiff's representatives to access the property, the Reno-Sparks Convention Center. See Exhibit 2 at pgs. 1-4.

Thus, while Defendant's statements are false, even assuming (for purposes of Defendant's Motion only) that the statements were true, as explained above, Plaintiff has

---

[2] *See* Deposition of Hueffner ("Hueffner Dep."), a copy of the pertinent portions of which are attached to Plaintiff's Motion for Summary Judgment (Exhibit 1 hereto), at Exhibit D, pp. 8:3-8, 25-9:5; 17:1-4; 54:13-16; 61:11-13, 22-62:6; 64:18-20, 23-65:2; 74:22-24; 118:8-9; *see also* Exhibit 1 hereto, at Exhibit G (Defendant's discovery responses), pg. 1.

[3] *See* Hueffner Dep. at 12:4-6; 17:21-18:2, 11-16; 56:23-57:1; 61:16-18; 68:14-16; 79:11-19; 80:3-6; 114:20-22.

unequivocally established Defendant's liability on all claims through Defendant's own admissions. Moreover, the specific facts at issue in this instance are not material since their veracity has no effect on Defendant's liability. Summary judgment should be granted in favor of Plaintiff, not Defendant.

### IV.   CONCLUSION

For the reasons stated above, not only should Defendant's Motion be denied in its entirety, but the Court should grant Plaintiff's Motion as to Defendant's liability for counterfeiting, trademark infringement, false designation of origin, false description of fact and false representation of fact and copyright infringement, and award statutory damages and attorney's fees stemming from the same, along with any other relief the Court sees fit.

DATED: February 21, 2017

FENNEMORE CRAIG, P.C.

By: /s/ Shannon S. Pierce
Ann Morgan (SBN 933)
Shannon Pierce (SBN 12471)
300 East Second Street - Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2200
Fax:   (775) 786-1177
Email: spierce@fclaw.com

SCARINCI & HOLLENBECK, LLC
Ronald S. Bienstock (pro hac vice)
Brent M. Davis (pro hac vice)
1100 Valley Brook Ave.
P.O. Box 790
Lyndhurst, NJ 07071
Telephone: (201) 896-4100
Email: Bdavis@musicesq.com

*Attorneys for Plaintiff Lokai Holdings, LLC*

## CERTIFICATE OF SERVICE

I certify that I am an employee of FENNEMORE CRAIG, P.C., and that on this date, pursuant to FRCP 5(b), I am serving a true and correct copy of the attached **PLAINTIFF LOKAI HOLDINGS, LLC'S BRIEF IN OPPOSITION TO DEFENDANT CRAIG HUEFFNER'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 36] AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 34]** on the parties set forth below by:

_XX__ Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices

_____ Certified Mail, Return Receipt Requested

_____ Via Facsimile (Fax)

_____ Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered

_____ Federal Express (or other overnight delivery)

_____ E-service effected by CM/ECF

addressed as follows:

Craig Hueffner
Absolute Marketing
725 Sydney Drive
Racine, WI 53402

DATED this 21st day of February, 2017.

/s/  Debbie Sorensen
An employee of FENNEMORE CRAIG, P.C.

**INDEX OF EXHIBITS**

| Exhibit No. | Description |
| --- | --- |
| 1 | Plaintiff Lokai Holdings, LLC's Motion for Summary Judgment on Counts I, II, III and VI of the Complaint |
| 2 | Email string with Event Information |
| 3 | Affidavit of Shane I. Birnbaum in Support of Plaintiff Lokai Holdings, LLC's Brief in Opposition to Defendant Craig Hueffner's Motion for Summary Judgment [ECF No. 36] and Reply in Support of Plaintiff's Motion for Summary Judgment [ECF No. 34] |