# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LOKAI HOLDINGS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) 3:16-cv-00283-RCJ-VPC |
| vs. | )<br>) |
| ABSOLUTE MARKETING et al., | ) **ORDER**<br>) |
| Defendants. | )<br>)<br>) |

This case arises out of the alleged infringement of various intellectual property rights related to beaded bracelets. Pending before the Court is a Motion for Summary Judgment (ECF No. 34).

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Lokai Holdings, LLC manufactures and sells variously colored beaded bracelets ("the Lokai Bracelet"). (Compl. ¶ 10, ECF No. 1). Lokai Bracelets embody U.S. Patent No. D748,000. (*Id.* ¶ 11). Plaintiff has been the owner of the '000 Patent since December 2, 2015. (*See* Patent Assignment Abstract of Title, http://portal.uspto.gov/pair/PublicPair). Lokai Bracelets are sold under or bear standard LOKAI marks, Reg. Nos. 4,429,129 and 4,637,357; stylized LOKAI marks Reg. Nos. 4,640,686 and 4,742,254; a water droplet logo mark, Reg. Nos. 4,636,915 and 4,698,780; and the FIND YOUR BALANCE mark, Reg. No. 4,870,494. (*Id.*

¶ 10). Clear-colored Lokai Bracelets come with an attached tag ("the Hangtag") registered with the U.S. Copyright Office under VA 1-968-047.

Defendants Absolute Marketing and Craig Hueffner have used Plaintiff's patent, trademarks, and copyright at trade shows throughout the United States, including in Nevada, and have falsely held themselves out to be sponsored by, authorized by, or otherwise affiliated with Plaintiff. (*Id.* ¶ 16). At these trade shows, Defendants have marketed, offered for sale, and sold counterfeit versions of the Lokai Bracelet ("the Counterfeit Goods") that violate Plaintiff's patent, trademarks, and copyright. (*Id.* ¶ 17).

Plaintiff's representatives contacted Hueffner by telephone on or about April 4, 2016, notifying him of his infringing activities and demanding that he and Absolute Marketing cease and desist. (*Id.* ¶¶ 23–24). Plaintiff's representatives also exchanged email correspondence with Hueffner on or about April 4–5, 2016, but Hueffner refused to cease and desist and told Plaintiff's representatives not to contact him again. (*Id.* ¶ 25). Defendants have continued their infringing activities. (*Id.* ¶ 26).

Plaintiff sued Defendants in this Court for trademark infringement, trademark counterfeiting, false advertising and unfair competition under the Lanham Act, patent infringement, and copyright infringement. Based on the executed Summonses, (ECF Nos. 9–10), Plaintiff appears to have served Hueffner (and thereby also Absolute Marketing) at the Reno–Sparks Convention Center on June 1, 2016. Hueffner has answered, but Absolute Marketing has not appeared. Hueffner has admitted being contacted by telephone on April 4, 2016 and being notified of Plaintiff's rights in the marks at that time but has otherwise denied the allegations in the Complaint. (*See* Answer, ECF No. 27). Plaintiff has moved for offensive summary judgment on trademark infringement, copyright infringement, statutory damages, and

attorney's fees. In response, Hueffner has untimely submitted an "affidavit" that is not notarized and contains no perjury clause as required by 28 U.S.C. § 1746 to substitute for an affidavit. It is therefore neither a proper affidavit nor a proper declaration and is not admissible as evidence, even if the untimeliness were excused.

**II.     SUMMARY JUDGMENT STANDARDS**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly

contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

**III. ANALYSIS**

**A. Trademark Infringement**

It is trademark infringement to:

> use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or . . .
>
> reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive

15 U.S.C. § 1114(1)(a)–(b). "Neither actual confusion nor intent is necessary to a finding of *likelihood* of confusion." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 178 (9th Cir. 1988) (citing *J.B. Williams Co. v. Le Conte Cosmetics*, 523 F.2d 187, 191 nn.5–6 (9th Cir. 1975)). The cornerstone of trademark infringement is likelihood of confusion, and there is no legal distinction between unauthorized use of and counterfeiting of a trademark. *See Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc.*, 106 F.3d 894, 900 (9th Cir. 1997) (citing *GE v. Speicher*, 877 F.2d 531, 534 (7th Cir. 1989)). The trademark infringement and trademark counterfeiting claims therefore constitute a single claim under § 1114.

Plaintiff has adduced photographs of authentic Lokai Bracelets. (*See* Mot. Summ. J. Ex. 3, ECF No. 34-3). The evidence adduced of "Images of Defendant Displaying Counterfeit Bracelets and Infringing Advertising Material" include no photographs of counterfeit Lokai

Bracelets. (*See id.* Ex. 11). Rather, Exhibit 11 depicts Hueffner's display of the standard LOKAI mark (handwritten on a sign) in conjunction with the sale of bracelets. (*See id.*). The all-capitals word "LOKAI" corresponds to U.S. Trademark Reg. No. 4,637,357. (*See* ECF No. 34-1, at 3). Another photograph appears to depict a stylized LOKAI mark and perhaps the water droplet logo mark, but because the marks cannot be seen clearly, the evidence does not support a directed verdict even if unrebutted. (*See id.*). The logo is partially concealed, as is the initial "l" of the potential stylized LOKAI mark. (*See id.*). Photographs of packaged Counterfeit Goods bearing the stylized Lokai and water drop marks and the FIND YOUR BALANCE mark are also adduced, but they do not alone eliminate any question of fact as to whether they are counterfeit; it is possible based on this evidence that Huefner was, as he maintained at his deposition, reselling authentic Lokai Bracelets. (*See* ECF No. 34-12). However, the affidavit of Plaintiff's Chief Financial Officer provides a detailed explanation—supported by the photographic evidence—of why the Counterfeit Goods depicted in Exhibit 12 are not authentic Lokai Bracelets, as compared to the characteristics of the authentic Lokai Bracelets depicted in Exhibit 3. (*See* Lopez Aff., ECF No. 34-17). The Counterfeit Goods depicted in Exhibit 12 were obtained from a person who obtained them from Hueffner at the Reno, Nevada trade show. (LaFrieda Aff. ¶¶ 4–7, ECF No. 34-16).

At his deposition, Hueffner admitted previously possessing an unspecified number of bracelets with a "Lokai tag," but he did not admit they were counterfeit. (*See* Huffner Dep. 8:25–9:2, ECF No. 34-4). He also admitted having previously had certain advertising materials bearing one or more Lokai marks. (*See id.* 9:24–10:1, 12:4–6). He admitted having resold Lokai Bracelets in Boston, but not having sold counterfeit ones, and he admitted having used a banner with the stylized LOKAI mark and water droplet logo mark on it and also displaying a Lokai

banner at the Reno, Nevada trade show without Plaintiff's permission. (*Id.* 16:23–17:19, 18:10–19:13, 56:22–57:1, 60:12–15). He denied having sold counterfeit products. (*Id.* 43:23–25). He admitted selling Lokai Bracelets after April 5, 2016 and admitted giving two away at the Reno, Nevada trade show. (*Id.* 54:13–16, 64:18–20).

Plaintiff has provided evidence that if uncontroverted at trial would entitle it to a directed verdict on the question of whether Defendants used the marks in connection with the advertising of goods in a way likely to cause confusion, mistake, or deception. Defendants have not satisfied their shifted burden to create a genuine issue of material fact. The Court therefore grants summary judgment to Plaintiff on the claim of trademark infringement.

### B. Copyright Infringement

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff alleges Defendants infringed their copyright in the Hangtag registered with the Copyright Office under Reg. No. VA 1-968-047. The Certificate of Registration is adduced along with photographs of the front and back sides of the Hangtag. (*See* ECF No. 34-2). The Copyright Office noted on the Certificate of Registration that the "text" sought to be copyrighted constituted a "name and slogan only," which are not copyrightable. (*See id.* (citing 37 C.F.R. § 202.1)). The "2-D artwork" on the front side of the Hangtag is what is copyrightable (to the extent it represents the original expression of Plaintiff). The artwork consists of a light blue protrusion from the Lokai Bracelet, connected to a larger circle consisting of a beige exterior ring surrounding a white field, with three of the marks positioned within the white field on an axis perpendicular to the light blue protrusion: the stylized LOKAI mark, the FIND YOUR BALANCE mark, and the water droplet logo mark. (*See*

*id.* 2). A depiction of the back side of the Hangtag is also adduced, (*see id.* 3), but that does not appear to be a part of the registration, as the Certificate of Registration notes that the text is "name and slogan only," which is inconsistent with the back side of the Hangtag (which contains considerable text that is neither name nor slogan) having been considered as part of the registration. There is still a copyright in any original expression on the back side of the Hangtag, of course, but there is no presumption of validity of a copyright as to that expression, because the Certificate of Registration does not appear to include that expression. *See* 17 U.S.C. §410(c).

The images of the Counterfeit Goods adduced show the counterfeit hangtags affixed thereto to be virtually identical to genuine Hangtags on both the front and back sides. (*Compare* ECF No. 34-2, *with* ECF No. 34-12). Plaintiff would be entitled to a directed verdict on copyright infringement if the evidence went uncontroverted at trial, and it has therefore satisfied its initial burden on summary judgment. Defendants have not satisfied their shifted burden to create a genuine issue of material fact. The Court therefore grants summary judgment to Plaintiff on the claim of copyright infringement.

### C. Statutory Damages

The Court agrees that Plaintiff is entitled to statutory damages for the trademark and copyright infringement claims. Plaintiff need not convince the Court that statutory damages are appropriate due to Hueffner having lost or destroyed evidence of his use of the marks, evidence of which is ample in Hueffner's deposition testimony. Plaintiff has a statutory right to elect statutory damages without convincing the Court of their propriety on a case-by-case basis. *See* 15 U.S.C. § 1117(c) ($1,000 to $200,000 per counterfeit mark, as the court considers just); 17 U.S.C. § 504(c)(1) ($750 to $30,000 for all infringements involved in the action, as the court considers just).

The Court finds that at least seven unauthorized uses of the marks have been proved (one use of the standard LOKAI mark (via the sign at the Reno, Nevada trade show) and two each of the stylized LOKAI, FIND YOUR BALANCE, and water droplet logo marks (via the two Counterfeit Goods offered for sale and obtained there)) and awards $1,000 per unauthorized use, for a total of $7,000. The Court finds that a similar amount ($7,000) is a just penalty for the instances of copyright infringement that have been shown (via the two Counterfeit Goods offered for sale at the Reno, Nevada trade show). The copyright infringement was done in conjunction with the trademark infringement, and each violation contributed to the other. That is, a purchaser might overlook minor imperfections in the bracelets themselves if the counterfeited hangtag, like the marks, leads him to believe the product is authentic.

### D.  Attorney's Fees

Reasonable attorney's fees are available for the copyright infringement claim. *See* 17 U.S.C. § 505. "In awarding fees, the district court may consider the following factors: (1) frivolousness; (2) motivation; (3) objective unreasonableness both in the factual and legal components of the case; (4) and the need in particular circumstances to advance the dual goals of compensation and deterrence." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005). The Court has wide latitude to grant attorney's fees under § 505 based on the circumstances of the case. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). The Court should determine whether such an award would further the purposes of the Copyright Act to enrich the general public through access to creative works. *Id.* (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994)). The objective reasonableness of the claim or defense of the losing party is an important factor—because such a rule discourages both

meritless lawsuits and unnecessarily expensive ones, respectively—but not a controlling one. *Id.* at 1988.

Here, Plaintiff is the prevailing party. Defendants' defense has been both frivolous and objectively unreasonable. Hueffner has admitted on the record destroying all relevant evidence he possessed after receiving notification of the lawsuit. His answers at his deposition were evasive, and he refused to answer many questions without any claim of privilege. He has failed to respond to the present summary judgment motion with anything but an inadmissible, one-page unnotarized "affidavit" including no perjury clause and unaccompanied by any argumentation. He has unreasonably multiplied the expenses of this litigation for Plaintiff. His motivation for selling counterfeit copies of the work (the Hangtags) was simply to profit off of another's intellectual efforts. He did not purport to add any original expression to the work. An award of fees will also help to make Plaintiff whole and to deter others from infringement. The Court will consider a reasonable fee after Plaintiff submits supplemental briefing, as suggested.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 34) is GRANTED. Plaintiff is entitled to $14,000 in statutory damages and an amount in attorney's fees to be determined against Defendants, jointly and severally. Plaintiff's affidavit of attorney's fees and supporting documents are due in fourteen (14) days. Objections will be due fourteen (14) days thereafter.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge